Randy Doyle **BURLESON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 922–90.

Court of Criminal Appeals of Texas, En Banc.

Oct. 23, 1991.

Rehearing Denied Dec. 4, 1991.

Julie C. Howell, Austin, for appellant.

Jeff Van Horn, Former Dist. Atty., Charles R. Kimbrough, Dist. Atty., Lockhart, Linda Icenhauer–Ramirez and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted for the offense of aggravated sexual assault. See V.T.C.A., Penal Code, Section 22.021(a)(5). The Austin Court of Appeals affirmed appellant's conviction. *Burleson v. State*, 791 S.W.2d 334 (Tex.App.—Austin 1990). This Court granted appellant's petition for discretionary review to determine whether testimony admitted at trial pursuant to Article 38.071, Sections 2 and 3, V.A.C.C.P., constituted harmless error.

We now find that our decision to grant appellant's petition was improvidently made. See Tex.R.App.P. 202(k). Accordingly, appellant's petition for discretionary review is dismissed.[1]

CLINTON and MALONEY, JJ., dissent.

BAIRD, Judge, concurring.

After reviewing the record and the briefs, I am persuaded that the Court of Appeals reached the correct result. Even though the majority's decision should not be read as an approval of the opinion of the Court of Appeals, at 538 n. 1, I feel compelled to write separately due to the reliance by the Court of Appeals on *Turner v. State*, 754 S.W.2d 668 (Tex.Cr.App.1988), to resolve points of error one, two and three. In addressing those points the Court of Appeals stated:

> ... In his first three points of error, Burleson argues that the two previously-cited sections of the Texas Code of Criminal Procedure [art. 38.071, §§ 2 and 3] are unconstitutional. He complains that the admission of the videotaped testimony; the State's failure to call the child

during its case-in-chief, forcing him to call her as an adverse witness or waive all right and opportunity to confront and cross-examine her under oath; and the court's order requiring the child's in-court testimony to be taken outside his and the jury's presence violated his constitutional rights of confrontation and due process of law under the United States and Texas Constitutions. U.S. Const. amends. VI, XIV; Tex. Const. Ann. art. I, §§ 10, 19. The State argues that sections 2 and 3 of art. 38.071 are not unconstitutional or alternatively, even if they are, the introduction of evidence admitted in compliance with such constituted harmless error.

\*   \*   \*   \*   \*   \*

In keeping with the rule that courts do not address the issue of constitutionality of a statute where consideration is not absolutely necessary to decide the case in which the issue is raised, *Turner v. State*, 754 S.W.2d 668, 675 (Tex.Cr.App. 1988), we decline to address the constitutionality of section 3 or of section 2 as applied here. Rather, we overrule Burleson's points of error regarding these provisions on the ground that, under *Mallory v. State*, 752 S.W.2d 566 (Tex.Cr.App. 1988), even if the application of the provisions constitutes a constitutional infringement, such infringement is subject to harmless error review, and, as explained below, such error in this case, if any, was harmless beyond a reasonable doubt.

*Burleson v. State*, 791 S.W.2d 334, 335–36 (Tex.App.—Austin 1990).

The Court of Appeals correctly stated the general rule that appellate courts should not address the constitutionality of a statute unless absolutely necessary. *Turner v. State*, supra; *Taylor v. State*, 358 S.W.2d 124, 125 (Tex.Cr.App.1962). If an appellant challenges the sufficiency of the evidence to support his conviction and the constitutionality of a statute, the reviewing court should first determine the sufficiency of the evidence. If the evidence is insufficient, the constitutionality

---

1. Our decision today is not to be taken as constituting approval of the Court of Appeals' opinion.

issue need not be addressed. *Skinner v. State*, 652 S.W.2d 773, 776 (Tex.Cr.App. 1983). By the same token, if an appellant raises several points of error, one of which challenges the constitutionality of a statute, the reviewing court should first resolve the non-constitutional points and if a reversal is required the constitutionality point should not be addressed. *Turner*, supra at 675; *Coberly v. State*, 644 S.W.2d 734, 735 (Tex.Cr.App.1983).

However, this general rule of law does not authorize a harmless error analysis without first determining that error exists. The presence of error is a condition precedent to any harmless error analysis. Finding error in the trial court begins that analysis. *Harris v. State*, 790 S.W.2d 568, 584 (Tex.Cr.App.1989); *Mallory v. State*, 752 S.W.2d 566, 568 (Tex.Cr.App.1988).

Our harmless error rule is codified in Rule 81(b)(2), Tex.R.App.Pro. as follows:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

Therefore, before a reviewing court conducts a harmless error analysis it must first find error. Stated another way, without error there can be no harm and a harmless error analysis is wholly unnecessary.

A proper harmless error analysis cannot be conducted without first identifying the error because the error is the focus of the analysis; the focus is not upon whether the remaining evidence overwhelmingly supports the conviction or the punishment. *Harris*, 790 S.W.2d 568, 585 (Tex.Cr.App. 1989). As we held in *Harris*, "it is the effect of the error and not the other evidence that must dictate the reviewing court's judgment." *Id.* at 588. Therefore, in order to conduct a harmless error analysis the reviewing court should:

first, isolate the error and all its effects, using the considerations set out above and any other considerations suggested by the facts of an individual case; and second, ask whether a rational trier of fact might have reached a different result if the error and its effects had not resulted.

*Harris*, supra at 588.

Accordingly, the Court of Appeals erroneously relied upon *Turner* as authority to make a harmless error analysis without first addressing the merits of appellant's points of error one, two and three. Consequently, the harmless error analysis was erroneous because there was no identifiable error upon which to focus the analysis. Under normal circumstances, this cause should be remanded to the Court of Appeals to address the merits of appellant's points of error one, two and three. However, after reviewing the record, I am convinced that under the unique circumstances of this case, a remand would not alter the result reached by the majority. Therefore, the majority properly disclaims the opinion of the Court of Appeals, and we leave for another day the determination of the constitutionality of art. 38.071 §§ 2 and 3.

With these comments I concur in the result reached by the majority.