**Randy Eugene LYNCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–96–213 CR.**

Court of Appeals of Texas, Beaumont.

Submitted July 17, 1997.

Decided Aug. 27, 1997.

---

3. *Davis v. State,* 829 S.W.2d 218 (Tex.Crim.App. 1992) (op. on reh'g).

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction of sexual assault wherein the trial court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of sixteen years. Appellant, Randy Eugene Lynch, was indicted by a Jefferson County grand jury for the offense of sexual assault upon a child, allegedly occurring on March 22, 1995. Appellant waived trial by jury and bench trial was conducted. The State called M.R., who testified she was the sixteen year-old step-daughter of appellant on the occasion in question. M.R. testified appellant inserted his finger into her vagina in order to check to see if she and her boyfriend, age 23, were having sex. M.R.'s mother, Jackie Lynch, was present and observing during appellant's research for information. When asked if M.R. thought her step-father Randy was trying to have some intimate sexual relationship with her, M.R. testified "No. But I don't see how he thought he could do what he did when he has no medical—".

Police Officer John Boles, who investigated the present case, testified appellant volunteered his presence at the Beaumont Police Department on March 23, 1995, the day following the incident, to discuss how to deal with the problem that his step-daughter was or may be engaged in sexual activity with an older boyfriend. During this visit, appellant informed Detective Boles of his procedure in examining M.R.'s vagina by the insertion of his finger. Detective Boles did not place appellant under arrest however, apparently from the record, he informed Child Protective Services, which immediately began their home visitation and inquiries into the matter. Approximately two weeks following appellant's visit to Detective Boles, appellant returned to the Beaumont Police Department, and on March 31, 1995, provided a written statement regarding the conduct resulting in his indictment.

Appellant waived trial by jury with trial proceeding before the 252nd District Court, Honorable Leonard Giblin presiding. The trial was short and the sentence was long, from which appellant duly makes his appeal.

Appellant brings two points of error to this Court which contend the evidence was legally insufficient to support his conviction and/or that the evidence was factually insufficient to support the conviction. The indictment of appellant was based on TEX. PEN.CODE ANN. § 22.011(a)(2)(A) (Vernon 1994), which provided in pertinent part that ... "on or about the 22nd day of March, [1995], and anterior to the presentment of this indictment, in the county of Jefferson and State of Texas, did then and there sexually assault [M.R.], hereafter styled the Complainant, a person then younger than seventeen (17) years of age and not the spouse of the Defendant, by intentionally and knowingly causing the penetration of the vagina of the Complainant by inserting his finger...." [1]

The trial court, as trier of fact, is the exclusive judge of the credibility of the witnesses, the weight to be given their testimony, and may accept or reject all or any part of the testimony of any witness. *Joseph v.*

*State,* 897 S.W.2d 374, 376 (Tex.Crim.App. 1995); *Mattias v. State,* 731 S.W.2d 936, 940 (Tex.Crim.App.1987). Contradictions in the evidence are reconciled by the trier of fact and will not result in reversal so long as there is enough credible testimony to support the verdict. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex.Crim.App.1982). Simply because the defendant presents a different version of the facts does not render the evidence insufficient. *Anderson v. State,* 701 S.W.2d 868, 872 (Tex.Crim.App.1985).

The standard of review for legal sufficiency of the evidence is whether, viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime charged. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard is applicable to both direct and circumstantial evidence cases. *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991).

■ In considering factual sufficiency, we view all the evidence without the prism of "in the light most favorable to the prosecution" and thus consider the testimony of defense witnesses and the existence of alternative hypothesis. *Clewis v. State,* 922 S.W.2d 126, 134 (Tex.Crim.App.1996). The verdict is set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* We still give great deference to the trier of fact's finding. *Id.* at 135. Our review must be "appropriately deferential" to the factfinder's determination to avoid substituting our judgment over that of the trier of fact. *Id.* at 133.

The respective positions of the State and appellant are well defined in this appeal. Appellant relies on two stated premises; 1) that in order to convict appellant under § 22.011, the State was required to show lascivious intent; and 2) that TEX. PEN.CODE ANN. § 22.011(d) (Vernon 1994), provides appellant with a proper defense in that he was performing a medical examination of M.R.

Section 22.011(d) provides:

---

**1.** Though M.R. may be procedurally and technically labeled "complainant," the record is silent

as to any complaint made by M.R.

It is a defense to prosecution under subsection (a)(2) that the conduct consisted of medical care for the child and did not include any contact between the anus or sexual organ of the child and the mouth, anus, or sexual organ of the actor or a third party.

The State contends that under the applicable provisions of § 22.011, lascivious intent is not a requirement and that the mere act of appellant's admitted insertion of his finger into M.R.'s vagina constitutes an offense under such section.

■ In reviewing the record before this Court, we are convinced there is no evidence of lascivious intent on the part of appellant as would be required under TEX. PEN.CODE ANN. § 21.11 (Vernon 1994), titled Indecency With a Child. Generally, conduct under chapter 21 of the Penal Code requires a showing the actor acted with lascivious intent to arouse or gratify sexual desires. Not so regarding assaultive offenses committed under § 22.011. Though appellant relies on the State's failure to show lascivious intent, appellant provides no authority that such is a requirement in an indictment made pursuant to § 22.011. The cases cited by appellant deal primarily with insufficient evidence supporting a finding of lascivious intent to charges of indecency with a child.[2] Though appellant's authority speaks to actions under § 22.011, we do not find same authoritative in our present situation. Giving literal interpretation to § 22.011, we believe it clear the legislature did not intend lascivious intent be an element of the sexual assault herein complained of. It becomes apparent it is the assaultive act itself to which § 22.011 speaks, and not the sexual mind set.

■ Appellant appropriately recites:

*Actus non facit reum, nisi mens sit rea.* "An act does not make the actor guilty, unless the mind be guilty; that is, unless the intent be criminal. The intent and the act must both concur to constitute the crime." Lord Kenyon, C.J., 7 Term 514; English Common Law.

■ To this age old criminal law concept, we wholeheartedly concur. Applying this concept to appellant's action, it is clear from the evidence that appellant admittedly intended to insert his finger into M.R.'s vagina. Appellant admits that he *intended* to commit the act which he did in fact commit.

We must now determine whether the trier of fact improperly evaluated appellant's "medical care" defense. The State contends the defensive theory was never raised by the evidence and/or alternatively that if same were raised, the State disproved it beyond a reasonable doubt. First, we disagree with the State that medical care was not raised by the evidence. Appellant clearly testified his purpose was to make a physical examination of M.R. to, in effect, determine the existence or nonexistence of a medical fact, to wit: "... I wanted to see if her hymen was broken or not."

*Appellant proffers that once he established the defensive theory of medical care, the State was required to disprove same beyond a reasonable doubt, even though the State had no burden of production regarding the refutation of the defensive issue.* (Citing *Saxton v. State,* 804 S.W.2d 910 (Tex.Crim. App.1991); *Van Guilder v. State,* 709 S.W.2d 178 (Tex.Crim.App.1985); and *Luck v. State,* 588 S.W.2d 371 (Tex.Crim.App.1979)). Appellate consideration of defensive issues can be somewhat complex. For example, a review of appellant's cited authorities makes clear that the *Saxton* court disapproved its prior positioning in *Van Guilder* and *Luck.* In *Saxton,* our Court of Criminal Appeals reversed the intermediate court of appeals determination that "the State *must produce* evidence which establishes beyond a reasonable doubt that Appellant did *not act* in self–defense." *Saxton* at 913 (quoting *Saxton v. State,* 776 S.W.2d 685, 686 (Tex.App.—Houston [14th Dist.] 1989)). The Court determined the court of appeals' reliance on § 2.03(d), *Luck* and *Van Guilder* utilized an incorrect standard of review for the sufficiency of the evidence when a defendant raises a defensive issue. *Saxton* at 913.

**2.** *See Wesley v. State,* 548 S.W.2d 37 (Tex.Crim. App.1977); *Slavin v. State,* 548 S.W.2d 30 (Tex. Crim.App.1977); *Nelson v. State,* 505 S.W.2d 551 (Tex.Crim.App.1974); and *Wilson v. State,* 160 Tex.Crim. 25, 266 S.W.2d 131 (1954).

Disregarding § 2.03(d), *Luck* and *Van Guilder*, we apply the standard for review set forth in *Saxton* as follows:

In resolving the sufficiency of the evidence issue, we look not to whether the State presented evidence which refuted appellant's self-defense testimony, but rather we determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of murder beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable doubt. See Penal Code § 2.03(d); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Cr.App.1989). The court of appeals' failure to use this standard of review was error.

*Id.* at 914.

By brief, the State attempts to provide statutory definition of "medical care" which seems to require that the person rendering such care be a physician, registered nurse or some person licensed in the medical care field. Though we have no disagreement with the proffered definitions, we are reluctant in this opinion to imply that only persons with medical licenses may administer "medical care." Daily, throughout the world, parents administer "medical care" to their children. We acknowledge that on many occasions lives are saved through the administration of "medical care" by non-licensed persons. Rather than setting a hard and fast definition as to what constitutes "medical care" and who can administer it, we adopt a fact specific case by case approach.

In the case before us there is certainly no evidence in the record indicating appellant had any training in the "medical care" he contends he was performing. Indeed, appellant testified he had no such training. Appellant's conduct in examining M.R. provided her with no medical treatment or value whatsoever. In fact, the purpose of appellant's "pinky finger" penetration of M.R.'s vagina was performed not for medical purposes but rather to determine if M.R. was lying. It is certainly an imaginative stretch to equate lie detection to "medical care."

Under the specific facts of this case the evidence was both legally and factually sufficient to support the trial court's finding, beyond a reasonable doubt, that appellant's conduct did not fall within the defensive realm of "medical care." We hold the evidence was sufficient both legally and factually to sustain the conviction of appellant for sexual assault on a child. See *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Clewis*, 922 S.W.2d at 126; and *Saxton*, 804 S.W.2d at 910.

The judgment and sentence of the trial court are affirmed.

AFFIRMED.