In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-397 CR


____________________



JAMES ALLEN BRAY JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 23,220






MEMORANDUM OPINION


 A jury convicted James Allen Bray, Jr., of murder and assessed a sentence of
twenty years' confinement in the Texas Department of Criminal Justice, Institutional
Division, and a fine of $10,000. Bray appeals claiming the evidence is factually and
legally insufficient to support his conviction. Specifically, Bray argues the evidence
establishes he shot Byron Myers in self-defense. 

 [W]hen a defendant challenges the factual sufficiency of the rejection
of a defense, the reviewing court reviews all of the evidence in a neutral
light and asks whether the State's evidence taken alone is too weak to
support the finding and whether the proof of guilt, although adequate if taken
alone, is against the great weight and preponderance of the evidence.


Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003) (citing Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000)). When a defendant challenges the legal
sufficiency, 

 we look not to whether the State presented evidence which refuted
appellant's self-defense testimony, but rather we determine whether after
viewing all the evidence in the light most favorable to the prosecution, any
rational trier of fact would have found the essential elements of murder
beyond a reasonable doubt and also would have found against appellant on
the self-defense issue beyond a reasonable doubt.


Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991) (citing Tex. Pen. Code
Ann. § 2.03(d) (Vernon 2003); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); and Butler v. State, 769 S.W.2d 234 (Tex. Crim. App. 1989)). See
also Lynch v. State, 952 S.W.2d 594, 598 (Tex. App.--Beaumont 1997, no pet.). "The
issue of self-defense is a fact issue to be determined by the jury, and a jury is free to accept
or reject the defensive issue, even if the evidence is uncontroverted. A jury verdict of
guilty is an implicit finding rejecting the defendant's self-defense theory." Hill v. State,
99 S.W.3d 248, 252-53 (Tex. App.--Fort Worth 2003, pet. ref'd) (citations omitted). 

 The record reflects there was conflicting testimony as to whether or not Myers
pointed a gun at Bray prior to Bray's opening fire. The testimony of Debra Thornton and
Tonya Bogany contradicted Bray's version of events. The testimony of Dr. James R.
Bruce regarding the wounds sustained by Myers was consistent with the description of
events given by Thornton and Bogany. The determination of the credibility of the evidence
was solely within the jury's province and the jury was free to accept or reject the defensive
evidence. See Saxton, 804 S.W.2d at 914.

 Under the applicable standards of review, we find the evidence was both legally and
factually sufficient to support the guilty verdict and the jury's implicit rejection of Bray's
claim of self-defense. Id. Issues one and two are overruled. The judgment of the trial
court is AFFIRMED.

 PER CURIAM


Submitted on March 23, 2004 

Opinion Delivered March 31, 2004

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.