COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

WALTER CORNET,           §

          Appellant,           §

v.           §

THE STATE OF TEXAS,           §

          Appellee.           §

          §

No. 08-09-00054-CR

Appeal from the

384th District Court

of El Paso County, Texas

(TC# 20060D03223)

## **O P I N I O N**

Appellant, Walter Cornet, was convicted of two counts of aggravated sexual assault of a child – digital penetration of the child's sexual organ and causing the child's anus to contact his mouth – and sentenced to ten years' imprisonment and a $7,500 fine.[1]  On appeal, Appellant contends that the trial court violated his confrontation rights by admitting certain evidence and erred by denying his defensive instruction on medical care.  We affirm.

### **BACKGROUND**

After Child Protective Services initiated a report of suspected child abuse involving the eight-year-old complainant, K.M., Laura Frescas conducted a forensic interview at the El Paso Child Advocacy Center.  During the interview, K.M. relayed that Appellant sexually abused her by having her sit on his face as he licked her anus with his tongue.  K.M. also drew a picture illustrating the sexual conduct.  Following the interview, Appellant gave a written statement to Detective Terrazas in which he admitted to examining the child's anus and labia for evidence of sexual contact or injury.

---

[1] Appellant was also indicted for aggravated sexual assault of a child by digital penetration of the child's anus, but a directed verdict was granted on that count.

Specifically, an excerpted portion of the statement read as follows:

> I first explained to Detective Terrazas that I suspected my step-daughter had problems because she had divulged to me that she had sex with both of her brothers, which caused me great concern. I then explained to him that on one particular incident I had physically examined my step-daughter because she had secrets which I believed were sexual in nature and she came into my bedroom with only a dress on and no underwear. She lifted her dress to me and exposed herself when I noticed that she was not wearing underwear. She showed me her rear-end and I noticed that she covered her vaginal area with her hand. This made me want to examine her to see if she had any physical evidence of sexual contact or injury.
>
> I laid her down on the bed in my master bedroom and proceeded to examine her. I did it in a playful manner, basically telling her how to do it to keep from alarming her. I had her spread her legs while she was on her stomach while I opened her buttocks to check her anus and labia. I visually inspected her genital area and remember my fingers getting wet when they may have--which she may have thought was my licking anus. My fingers made contact with her anus but it was only during the time that I was examining her. There was no intent for any sexual gratification.
>
> My fingers also made contact with her labia which I spread to see if her hymen was intact because of her age. I did not know if it would have been developed. After examining the child I noticed that she did not have a hymen, which I do not know if it had not been developed or had been broken. The examination was inconclusive and her anus did not appear to be stretched or ripped. I determined there was nothing wrong with the child and spanked her buttocks and said to her that she could go, in a playful manner.

During trial, Appellant expressly denied penetrating K.M.'s vagina with his finger or licking her anus, stating that he "did not have to" as he "was looking for external signs of any injuries."

## CONFRONTATION RIGHTS

Appellant's first issue contends that the trial court violated his confrontation rights by admitting, without a prior opportunity to cross-examine K.M., Frescas' recitation of the child's outcry, the videotape of the forensic interview, and the stick illustration of the abuse. The State responds that no violation occurred since K.M. testified at trial and was subject to cross-examination.

Admission of testimonial hearsay violates a defendant's Sixth Amendment right to confrontation when the declarant is unavailable to testify and the defendant had no prior opportunity

to cross-examine the declarant. *See Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In child sexual-assault cases, the Confrontation Clause acts as a brake concerning the admission of "testimonial" child outcry statements unless: (1) the child actually testifies; or (2) is presently unavailable but has been subject to cross-examination in a prior proceeding. *See Martinez v. State*, 178 S.W.3d 806, 811 n.21 (Tex. Crim. App. 2005).

Appellant argues that because he was not allowed a prior opportunity to cross-examine the child before the complained-of evidence was admitted, the trial court violated his confrontation rights. However, Appellant was not entitled to a prior opportunity for cross-examination before the evidence was admitted since the child testified at trial.[2] *Martinez*, 178 S.W.3d at 811 n.21. As the Supreme Court noted in *Crawford*, when "the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints *at all* on the use of his prior testimonial statements." *Crawford*, 541 U.S. at 59 n.9 (emphasis added). Accordingly, because K.M. testified at trial and was available for cross-examination, the trial court did not violate Appellant's confrontation rights by admitting the outcry witness's testimony, the videotape interview, or the stick drawing.[3] *See Crawford v. State*, 139 S.W.3d 462, 465 (Tex. App.–Dallas 2004, pet. ref'd) (concluding *Crawford v. Washington* was inapplicable when defendant had opportunity to cross-examine complainant regarding extrajudicial testimonial statements); *Eustis v. State*, 191 S.W.3d 879, 886 (Tex.

---

[2] Appellant does not contend that K.M.'s testimony was so vague and contrary to her previous outcry statements that she was an unavailable witness despite appearing at trial, and therefore, we need not address this argument. Although the State's brief contains a footnote examining this theory, we find Appellant's brief devoid of any such allegation except for a single sentence that can vaguely be construed as a "challenge[] [to] any theory of law which the State has employed or will employ to defeat Appellant's 6[th] Amendment right to confront the evidence." Thus, the contention, even if raised, is inadequately briefed. *See* TEX. R. APP. P. 38.1.

[3] In two sentences, Appellant challenges the constitutionality of Texas Code of Criminal Procedure article 38.071 on its face and as applied, asserting that in the wake of *Crawford*, the procedural outcry statute destroys a defendant's right to confrontation. We decline to address this argument as Appellant's assertion, consisting of one sentence with no legal analysis or citations to authority, is inadequately briefed. *See* TEX. R. APP. P. 38.1.

App.–Houston [14th Dist.] 2006, pet. ref'd) (finding admission of complainant's typed statement did not violate confrontation rights when complainant testified at trial and was subject to cross-examination); *Hanson v. State*, 180 S.W.3d 726, 731 (Tex. App.–Waco 2005, no pet.) (determining that neither *Crawford* nor defendant's confrontation rights were violated when outcry testimony was admitted since child victim testified at trial); *Soto v. State*, No. 2-07-191-CR, 2008 WL 2553345, at *3 (Tex. App.–Fort Worth June 26, 2008, pet. ref'd) (mem. op., not designated for publication) (holding defendant's confrontation rights to outcry witness's recantation of child's outcry were not violated when child appeared and testified at trial); *Robbins v. State*, No. 07-05-0207-CR, 2005 WL 2898067, at *2 (Tex. App.–Amarillo Nov. 3, 2005, no pet.) (mem. op., not designated for publication) (because outcry witness and victim were both present at trial, defendant's confrontation rights under *Crawford* were not violated when outcry witness testified); *Moreno v. State*, No. 13-03-00649-CR, 13-03-00650-CR, 2005 WL 1413491, at *2 (Tex. App.–Corpus Christi May 26, 2005, pet. ref'd) (mem. op., not designated for publication) (holding *Crawford* inapplicable to admission of outcry statements and forensic videotape interview when victim testified at trial). We therefore overrule Appellant's first issue.

## MEDICAL CARE INSTRUCTION

Appellant's second issue contends that the trial court erred by failing to include his request for a medical care instruction in the jury charge concerning the digital penetration count. *See* TEX. PENAL CODE ANN. § 22.011(d) (Vernon Supp. 2009) (stating that it is a defense to penetration of the anus or sexual organ of a child by any means if "the conduct consisted of medical care for the child and did not include any contact between the anus or sexual organ of the child and the mouth, anus, or sexual organ of the actor or a third party"). Generally, a defendant is entitled to a jury instruction on any defensive issue raised by the evidence whether that evidence was raised by the prosecution

or the defense, or was weak or strong, unimpeached or contradicted, and regardless of what the trial court might have thought about the credibility of the evidence. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); *Smith v. State*, 676 S.W.2d 584, 586-87 (Tex. Crim. App. 1984). However, a defensive instruction is not appropriate when the defendant's defensive evidence fails to essentially admit to every element of the offense. *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007).

Although an extremely close call, we find that none of the evidence presented at trial shows that Appellant admitted to the offense. Appellant was charged with digital penetration of the victim's vagina. Appellant, however, expressly denied ever penetrating K.M.'s sexual organ with his finger or that he invaded her "private parts." Having denied the penetration element of the offense, Appellant failed to admit every element of the offense such that the instruction should have been included. *See Shaw*, 243 S.W.3d 660 (concluding defendant was not entitled to defensive Good Samaritan instruction for injury to a child when the defensive evidence failed to admit to the required culpable mental state element for the offense); *Aldrich v. State*, 53 S.W.3d 460, 469-70 (Tex. App.–Dallas 2001) (concluding defendant was not entitled to necessity instruction when she failed to admit to all elements charged in the indictment), *aff'd*, 104 S.W.3d 890 (Tex. Crim. App. 2003).

Nevertheless, Appellant, relying on *Watrous v. State*, 842 S.W.2d 792 (Tex. App.–El Paso 1992, no pet.), and *Peak v. State*, 57 S.W.3d 14 (Tex. App.–Houston [14th Dist] 2001, no pet.), seems to suggest that his examination, which resulted in wet fingers, infers penetration. In *Watrous*, the defendant, who was administering Vaseline to the victim's vagina, testified that the victim told him to stop because his finger was too big. *Watrous*, 842 S.W.2d at 794. From this testimony, it was rational to infer that the defendant was admitting to penetration. *Id*. at 795. Similarly, in *Peak*, Appellant testified that while he checked the complainant's hymen to determine whether she was pregnant, he inserted his finger into her vagina. *Peak*, 57 S.W.3d at 17. Here, however, Appellant's

statement at most admitted that his finger touched K.M.'s labia, and at trial, he testified that he "spread her cheeks" to "look to see if there was any swelling, any scarring, [or] any indication *externally* that she had been injured;" he specifically denied that he placed his finger inside her vagina or anus, stating that he "did not have to" as he "was looking for *external* signs of any injuries." (Emphasis added). *See Vernon v. State*, 841 S.W.2d 407, 409-10 (Tex. Crim. App. 1992) (penetration occurs where there is "tactile contact beneath the fold of complainant's external genitalia" and the contact is more intrusive than contact with the outer labia). Thus, although this appears to be a close call, we find Appellant's defensive evidence did not admit to the penetration element of the offense, and therefore, he was not entitled to a medical care instruction. *See Callis v. State*, No. 01-89-00159-CR, 1990 WL 68465, at *3 (Tex. App.–Houston [1st Dist.] May 24, 1990, no pet.) (op., not designated for publication) (holding defendant not entitled to medical care instruction when he failed to admit to penetrating child victim's vagina).

Moreover, even if we were to conclude that Appellant's written statement was some, slight evidence that could be interpreted as an admission of penetration, Appellant was still not entitled to the instruction. The statute provides that it is a defense to prosecution for digital penetration if the conduct was for medical care. *See* TEX. PENAL CODE ANN. § 22.011(d). The term "medical care" is not defined in the statute and we do not attempt to define it here. Rather, we simply note that the statute is a narrow exception, excusing very limited conduct such as examination by medical professionals or treatment of infections or injuries by the parent.[4] *See Watrous*, 842 S.W.2d at 794 (parent applying Vaseline to genitals to soothe the pain from hurtful urination); *Nichols v. State*, No. 11-06-00349-CR, 2008 WL 2841853, at *1 (Tex. App.–Eastland July 24, 2008, pet. ref'd) (mem.

---

[4] We decline to adopt the prosecutor's contention at trial that the defense only applies to a medical care provider.

op., not designated for publication) (parent following doctor's instructions to apply Desitin to child's boil located outside vaginal area); *Callis*, 1990 WL 68465, at *3 (parent covering genitals with a warm towel to stop bleeding from falling down the stairs). The statute is not meant to apply, in our opinion, in cases such as this one when the parent suspects his child has been sexually abused and proceeds, without any medical education, training, or experience, to examine the area.[5] *See Lynch v. State*, 952 S.W.2d 594, 598 (Tex. App.–Beaumont 1997, no pet.) (finding defendant had no training in medical care and his conduct in examining child's hymen on suspicion that she was having sex with her boyfriend was not providing medical treatment within the statute). That should be left to the medical professional. Accordingly, we conclude Appellant's conduct in examining K.M. "provided her with no medical treatment or value whatsoever," and therefore, he was not entitled to the instruction.[6] *See Lynch*, 952 S.W.2d at 598; *see also Burleson v. State*, 791 S.W.2d 334, 339 (Tex. App.–Austin 1990) (concluding defendant not entitled to instruction on medical care when sexual intercourse with child for purposes of helping the child cope with her abnormal interest in sex was for "treating" a "discipline problem," not for purposes of providing medical care), *pet. dism'd as improvidently granted*, 819 S.W.2d 537 (Tex. Crim. App. 1991). Appellant's second issue is overruled.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.

---

[5] Although Appellant testified that his undergraduate degree was in biology, he failed to relate any medical classes, training, or experience that would qualify him to make such an examination of K.M.

[6] At trial, Appellant requested the instruction for the digital penetration count only, but on appeal, Appellant contends that he was entitled to the instruction for licking the anus, as well. However, Appellant was not entitled to the instruction as the statute explicitly states that the instruction is not available to any contact between the child's anus and the defendant's mouth. *See* TEX. PENAL CODE ANN. § 22.011(d).

GUADALUPE RIVERA, Justice

June 16, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)