**Howard S. WATROUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–91–00361–CR.**

Court of Appeals of Texas,
El Paso.

Nov. 18, 1992.

Roger C. Davie, Malone & Davie, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for the state.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

LARSEN, Justice.

A jury convicted Howard S. Watrous, Appellant, of aggravated sexual assault of a child and assessed punishment at 10 years' imprisonment. We reverse and remand, finding that Appellant did not receive effective assistance of counsel.

### Factual Background

Appellant was indicted for two counts of sexual misconduct involving a six-year-old girl: aggravated sexual assault and indecency with a child. The child's complaint arose from Appellant's touching of her vagina with his finger. Appellant's defense was that any contact with the girl's vagina was solely to provide medical care for her. The jury nonetheless found Appellant guilty of aggravated sexual assault.

### Point of Error No. One

Appellant contends trial counsel rendered ineffective assistance because he did not request a jury instruction on the statutory defense of medical care. Appellant argues the defense was supported by the evidence, and that he relied upon it during trial as his exclusive theory of innocence. Appellant urges this omission from the charge of his only defensive theory precluded his acquittal. For the reasons stated below, we agree.

### Standard of Review

■ Appellant was constitutionally entitled to "reasonably effective assistance" of counsel. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). See also *Stafford v. State,* 813 S.W.2d 503, 506 (Tex.Crim.App. 1991). He was not, however, entitled to "errorless counsel or counsel whose competency is judged by hindsight." *Stafford,* 813 S.W.2d at 506. We will sustain Appel-

lant's point only if he shows that: (1) trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) a reasonable probability existed that such deficiencies prejudiced his defense. *Vasquez v. State,* 830 S.W.2d 948, 949 (Tex.Crim.App. 1992); *Hernandez v. State,* 726 S.W.2d 53, 59 (Tex.Crim.App.1986). To sustain his burden of proof, Appellant must overcome the presumption that the challenged action could have been sound trial strategy. *Stafford,* 813 S.W.2d at 506. In passing on Appellant's points, we examine the totality of counsel's representation rather than isolated acts or omissions. *Banks v. State,* 819 S.W.2d 676, 681 (Tex.App.—San Antonio 1991, pet. ref'd).

■ Having reviewed counsel's representation under this standard, we conclude there was no plausible strategic reason for trial counsel's failure to request submission of the defense to prosecution that "the conduct consisted of medical care for the child." Tex.Penal Code Ann. § 22.011(d)(2) (Vernon 1989). The defense, if submitted to the jury, would have required the State to disprove the issue beyond a reasonable doubt.[1] We therefore find a reasonable probability that but for the omission from the charge, the result of the trial would have been different.

### Analysis

Appellant was indicted for unlawfully, intentionally and knowingly causing the penetration of the female sex organ of a child in violation of Tex.Penal Code Ann. § 22.021(a)(1)(B); (a)(2)(B). In a second count, Appellant was also charged with unlawfully, intentionally and knowingly engaging in sexual contact with the child by touching her genitals in violation of Tex.Penal Code Ann. § 21.11(a)(1). The court's charge instructed the jury on each separate count. It also restricted the jury's deliberation to the law as given by the court.

The State presented medical evidence establishing that the six-year-old's genitals

---

1. *See McElroy v. State,* 667 S.W.2d 856, 864 (Tex.App.—Dallas 1984), aff'd, 720 S.W.2d 490

(Tex.Crim.App.1986).

had been manipulated, causing hymenal laxity. The girl's mother testified that Watrous, her husband, was the child's father. She also testified as an outcry witness and stated the child told her that Appellant had touched her "potty." On cross-examination, she testified her daughter had complained of painful urination and that she would have the girl apply vaseline to the irritated area to soothe the pain. The mother denied ever applying vaseline to the child's genitals herself. The child testified Appellant slipped his hand inside her underwear with vaseline on his finger which he placed inside her vagina. On cross-examination, she denied ever having suffered painful urination or having asked that vaseline be applied to soothe any such pain.

Appellant's first defense witness, a friend of the child's mother and the defendant's daughter-in-law, corroborated the testimony on the girl's complaints of painful urination and testified that the mother applied vaseline to the child's genitals. Appellant Watrous then testified on his own behalf. He admitted touching the child's "potty." Appellant explained, however, that the girl complained of painful urination, and he only attempted to dab some vaseline on her genitals to soothe the pain. Appellant testified he was unable to complete the task because his finger was too big and the child complained he was hurting her, so he instructed her to put the vaseline exactly where it hurt. He also testified that the girl had made similar complaints previously, but that he had told her she would have to wait until her mother got home because "[t]hat's not my department." According to Appellant, he finally agreed to assist her after the child stated all she needed was to have some vaseline applied as her mother had done. Appellant emphatically denied touching the girl in a sexual manner, claiming the only reason he touched her genitals was for the medical purpose of soothing her urinary discomfort.

Following the close of the evidence, the trial judge held a charge conference. No instruction on the statutory defense of medical care was contained in the jury charge; trial counsel nevertheless made no objection to the omission nor did he submit a request for the instruction. Defense counsel, on final argument, initially read that portion of the charge instructing the jury to find Appellant guilty if they found, beyond a reasonable doubt, that he "unlawfully, intentionally or knowingly cause[d] the penetration" of the child victim's female sexual organ by means of his finger. Then, counsel argued that Appellant was guilty if all the jury considered was his testimony that "he put his finger there." However, counsel continued by posing the question, "[h]ow many of us are guilty with trying to treat the children?"

Obviously, counsel was referring to the defense of medical care. He later re-urged the point, arguing:

Now, when a child complains of something to you, you try to administer to his or her needs. He put vaseline on her on four occasions when she asked for it. He didn't put vaseline on her so he could penetrate her. He put vaseline on to soothe, to soothe, to soothe something that was hurting.

Now, she'd had some vaginal, urinary tract, some other problem, and he told [the mother] to take her to the doctor. He [Appellant] left a note there [to remind the mother to take the child to the doctor]. [The mother] didn't take her to the doctor.

Later, defense counsel referred to the charge again, emphasizing that the jurors "have to have no reasonable doubt that this man is guilty in order to convict him." Continuing, counsel reiterated, "[i]f you have a doubt as *to any element in this case,* as we talked about before, it's your obligation under the law to acquit him." [Emphasis added].

Trying to raise a specific reasonable doubt, counsel emphasized that the defendant's admitted touching of the girl was not unlawful. Counsel argued:

He was not attempting to arouse or gratify himself. He was not unlawfully trying to administer to the needs of the child. He was not unlawfully trying to

administer to the needs of that child. He was trying to take care of that child. He was not trying to gratify any sexual desire.

The prosecutor objected that count one of the indictment—aggravated sexual assault—did not require a finding of an intent to arouse or gratify the sexual desire of Appellant. As a result, the trial court instructed the jury as follows:

> Ladies and gentlemen of the jury, the charge contains the elements of the offense which are necessary for proof in this matter by the State, *and that is all that is required to prove* in each count [sic]. *There are no extra elements.* [Emphasis added].

This case is controlled by the recent Court of Criminal Appeals' decision in *Vasquez,* 830 S.W.2d at 950–51. Although *Vasquez* dealt with the defense of necessity, the Court of Criminal Appeals' rationale is equally applicable to the defense of medical care in sexual assault cases. Without some justification in the record, trial counsel's failure to request an instruction on defendant's sole defensive theory amounts to ineffective assistance of counsel. *See Vasquez,* 830 S.W.2d at 951. As noted by the Court of Criminal Appeals in *Vasquez,* "we state without hesitation that the failure to seek an instruction on [the defense] would not have been acceptable trial strategy under the facts of this case." *Id.* at 950–51 n. 3.

The State argues Appellant denied any penetration on the date in question and was, thus, not entitled to the defensive instruction. We disagree. Appellant admitted trying to apply vaseline to the child's vagina, but that he stopped when she complained it hurt because his finger was too big. This evidence was enough to show penetration, however slight. *See Rodriguez v. State,* 762 S.W.2d 727, 732

(Tex.App.—San Antonio 1988), *pet. dism'd, improvidently granted,* 815 S.W.2d 666 (Tex.Crim.App.1991). The State also argues that in viewing the totality of representation, we must consider trial counsel's efforts in conducting voir dire and examination of both the State's and Appellant's witnesses. While we agree with the State's general proposition that we must consider counsel's representation as a whole, the charge error here was so devastating that it outweighs any other efforts of counsel at trial.[2]

Counsel's closing argument depended upon establishing that Appellant's act was for a lawful purpose. Nevertheless, counsel's failure to request submission of the defensive issue of medical care precluded the jury from understanding how Appellant's conduct might be excused. The trial court specifically instructed the jurors to consider only the elements submitted in the charge. Because the State was not required to disprove medical care beyond a reasonable doubt,[3] the jurors could not properly consider trial counsel's argument. As a result, Appellant's defense was rendered meaningless, and the presentation of all the evidence establishing medical care had no legal effect. *See Vasquez,* 830 S.W.2d at 951.

This omission undermines our confidence in the conviction, creating a reasonable probability that but for the error, the result of the trial would have been different. We sustain Point of Error Number One. We need not, therefore, address the remaining points of error. We reverse the judgment of the trial court and remand the cause for a new trial.

---

**2.** In passing, we also note the viability of Appellant's second point of error challenging the State's introduction of extraneous offenses regarding alleged sexual misconduct between Appellant and a different child victim—the child's mother—many years before. This evidence came in without objection, was totally irrelevant and highly prejudicial. *See Boutwell v. State,*

719 S.W.2d 164, 174–75 (Tex.Crim.App.1986) (on motion for rehearing).

**3.** "If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted." Tex.Penal Code Ann. § 2.03(d) (Vernon 1974).