

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0205-13

**WALTER BRUCE CORNET, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

**ALCALA, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

This case addresses whether a trial court's omission of a "medical care" defensive jury

instruction was harmless error.[1]  In the first ground in his petition for discretionary review,

---

1    The Texas Penal Code provides for a medical-care defense to charges of sexual assault and aggravated sexual assault.  *See* TEX. PENAL CODE §§ 22.011(d), 22.021(d) (adopting Section 22.011(d)'s language verbatim).  Section 22.011(d) states, "It is a defense to prosecution . . . that the conduct consisted of medical care for the child and did not include any contact between the anus or sexual organ of the child and the mouth, anus, or sexual organ of the actor or a third party."  TEX. PENAL CODE § 22.011(d).

Walter Cornet, appellant, contends that the court of appeals erred in its harm analysis by failing to consider that the erroneous omission of a medical-care-defense instruction "preclude[d] the jury from giving the defensive argument any effect." *See Cornet v. State*, No. 08-09-00054-CR, 2012 WL 5359233, at *1 (Tex. App.—El Paso Oct. 31, 2012) (mem. op., not designated for publication). Appellant's remaining ground contends that the court of appeals erred by mistakenly relying "on the jury's verdict of guilty to find an absence of harm," thereby conducting a sufficiency-of-the-evidence review instead of a harm analysis. *See id*. at *3. As appellant has observed, appellate courts have generally held that the omission of a "confession and avoidance" type of jury instruction is harmful because it provides a defendant's sole avenue for acquittal. This is only a general rule, however, because reviews for harm are always record-specific and based on the totality of the record in each case. Our review of the entire record in this case reveals that the jury in fact rejected appellant's statements invoking the medical-care defense, and, therefore, we conclude that he was not actually harmed in this case. Furthermore, although the court of appeals erred by referring to the sufficiency of the evidence, it reached the correct disposition. We, therefore, affirm the judgment of the court of appeals.

## I. Background

### A. The Facts

The complainant was appellant's stepdaughter. In June 2006, when she was eight years old, she told a forensic interviewer that appellant had, on one occasion, told her to sit

on his face, at which point he made oral contact with her anus. The complainant also said that appellant had, on one occasion, showed her various "sex toys" and placed one between her legs so that she could "feel the vibration."

Appellant responded to these accusations by providing a written statement to police that was admitted at his trial. His statement indicated that, based on prior comments by the complainant, he suspected that she had been sexually active with her brothers. He said that on one occasion in March 2006, the complainant entered his bedroom, lifted her dress, and exposed herself, causing him to notice that she was not wearing underwear. Because she covered her genital area with her hand, appellant stated that he decided to examine her to see if she had any physical evidence of sexual contact or injury. To examine the complainant, appellant laid her down on the bed and spread her legs while she was on her stomach. After that, he opened her buttocks to visually check her anus and labia. He claimed that his fingers made contact with her labia, which he "spread to see if her hymen was intact," and he noticed that "she did not have a hymen," but he did not "know if it had been developed or had been broken." He believed that his fingers may have gotten wet at that time and made contact with her anus while he was examining her. He determined that the "examination was inconclusive and her anus did not appear to be streached/ripped [sic]." He maintained that there was no intent for any sexual gratification.

Appellant was subsequently charged with three counts of aggravated sexual assault of a child. TEX. PENAL CODE § 22.021(a)(1)(B), (a)(2)(B). At his trial for the three charges

that were tried concurrently, appellant testified about the same March 2006 incident that had given rise to the investigation. In his testimony, appellant added that he initially saw the complainant masturbating in her room and told her to stop. He went into his own room, and within a short period of time she knocked on his door. She then entered his room wearing a dress, lifted it, and exposed her naked bottom to him, telling him that he could lick it. He then testified similarly to his written statement describing how he examined her. Appellant maintained that he did not invade "her private parts." He specifically denied placing his tongue into the complainant's anus and placing his finger into her vagina. He also stated that he would never molest a child and that "any type of sexual activity with a child is wrong." After that incident, appellant claimed that, in an attempt to obtain the complainant's confidence to talk to him about whether she had been sexually touched by others, he made a bargain with her: She would tell him if anyone had touched her in exchange for him showing her his sex toys. After he showed her the toys, the complainant confided to him that someone had "licked her pee-pee."

Appellant was convicted of two out of three charged counts of aggravated sexual assault of a child by digitally penetrating the complainant's genitals, as charged in count one, and making oral contact with her anus, as charged in count three. *See* TEX. PENAL CODE § 22.021(a)(1)(B)(I), (iii), (a)(2)(B). The trial court granted appellant's motion for directed verdict as to the second count, in which appellant had been charged with digital penetration of the complainant's anus. *Id*. at § 22.021(a)(1)(B)(I). Although appellant requested a jury

instruction on the medical-care defense on the count pertaining to the digital penetration, the trial court denied his request for that instruction. *Id*. at § 22.021(d). For each count on which he was convicted, he was sentenced to 10 years in prison to run concurrently and a $7,500 fine.

On direct appeal, the court of appeals determined that the trial court properly excluded the medical-care-defense instruction. *Cornet v. State*, No. 08-09-00054-CR, 2010 WL 2396799, at *1 (Tex. App.—El Paso June 16, 2010) (mem. op., not designated for publication). We reversed and remanded the case for a harm analysis. *Cornet v. State*, 359 S.W.3d 217, 228 (Tex. Crim. App. 2012). On remand, the court of appeals held that the exclusion of the instruction was harmless for two reasons. First, the court explained that, despite the absence of the instruction, the jury implicitly considered appellant's defensive theory and "inferentially resolved the issue" against appellant by finding him guilty. *Cornet*, 2012 WL 5359233, at *3. Second, the court observed that the jury had sufficient evidence before it to disbelieve appellant's defensive testimony regarding his medical-care examination. *Id*. Appellant challenges this reasoning and cites to several decisions by courts of appeals holding that the omission of a defensive instruction is harmful error because it deprives defendants of their sole defense. Appellant also contends that reviews for charge-error harm are distinct from, and are not to be mistaken for, evidence-sufficiency reviews. The State responds that, in finding appellant guilty of aggravated sexual assault of a child, the jury implicitly determined that he had criminal intent, and, therefore, necessarily rejected

his defensive theory.

## II. Omission of Appellant's Medical-Care Jury Instruction was Harmless Error

The parties agree that the court of appeals applied the proper procedural framework described in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Posey v. State*, 966 S.W.2d 57, 62 n.12 (Tex. Crim. App. 1998) (timely requested defensive issue becomes law "applicable to the case" to which *Almanza* applies). As the court of appeals noted in this case, if the charge contains error and that error has been properly preserved by an objection or request for instruction, reversal is required if the error is "calculated to injure the rights of the defendant." *Cornet*, 2012 WL 5359233, at *1; *see Trevino v. State*, 100 S.W.3d 232, 242 (Tex. Crim. App. 2003); *Almanza*, 686 S.W.2d at 171. This means that the trial record must demonstrate that there is some actual harm and not just a theoretical complaint. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012) (requiring actual harm and not just theoretical harm). The court of appeals explained that the standard for assessing "the actual degree of harm" requires an appellate court to consider the totality of the record, including "[A] the entire jury charge, [B] the state of the evidence, including the contested issues and weight of probative evidence, [C] the argument of counsel, and [D] any other relevant information revealed by the record of the trial as a whole." *Cornet*, 2012 WL 5359233, at *1 (citing *Almanza*, 686 S.W.2d at 171). Because we agree with the parties that the court of appeals accurately described the procedural framework, we focus on its application of the standard to the record in this case.

**A. The Entire Jury Charge**

The first category of *Almanza* requires a reviewing court to consider the entire jury charge. *Almanza*, 686 S.W.2d at 171. In arguing that he was harmed, appellant focuses on (1) the lack of a specific requirement that the jury find criminal intent before convicting a defendant of aggravated sexual assault of a child, and (2) the lack of a vehicle by which the jury could have acquitted appellant of aggravated sexual assault of a child on the digital-penetration count if it believed that he was providing medical care to the complainant. We are unpersuaded by both arguments.

**1. The Medical-Care Legal Justification is Different from Criminal Intent**

The parties dispute whether, in finding appellant guilty of aggravated sexual assault of a child, the jury has determined that he acted with the "intent to arouse or gratify sexual desire." *See* TEX. PENAL CODE § 22.021(a)(1)(B)(I), (a)(2)(B). Appellant accurately observes that the statute's plain language does not require this. *See id*. Pointing to this Court's earlier decision in this case, appellant suggests that, without the medical-care defensive instruction, appellant has admitted to all the elements of the offense and is left without the instruction that would legally justify the conduct and permit the jury to acquit him. *See Cornet*, 359 S.W.3d at 225*; cf. Villa v. State*, No. PD-0792-12, ___ S.W.3d ___, slip op. at 16 (Tex. Crim. App. Nov. 6, 2013).

The State, however, responds that the jury implicitly found this sexual intent in finding appellant guilty. *See Evans v. State*, 299 S.W.3d 138, 142 (Tex. Crim. App. 2009).

In *Evans*, this Court held that indecency with a child by contact is a lesser-included offense of aggravated sexual assault of a child because, even though the latter offense did not include that intent as an express element, lascivious intent was implicitly included. *Id*. This Court determined that it was unnecessary for the Legislature to expressly include that element in describing aggravated sexual assault "because both the title (*aggravated* sexual assault) of the statute and the severity of the conduct proscribed (penetration) ensure that the statute would not be applied to any legitimate handling of the child." *Id*. *Evans* discussed the ordinary understanding of aggravated sexual assault of a child as it would apply without statutory defenses. We see no conflict, therefore, between *Evans* and this Court's prior opinion in *Cornet* because the medical-care defense does not negate criminal intent but rather "merely justifies" what would otherwise be an unlawful touching of a child. *Cornet*, 359 S.W.3d at 225 ("medical-care defense does not, 'by its terms,' negate the necessary culpable mental states of intent or knowledge; . . . it merely justifies what would otherwise be an unlawful touching of a child"). We cannot conclude that, simply by finding appellant guilty of the digital-penetration count, the jury would necessarily disbelieve the evidence that he was providing medical care to the complainant.

**2. Generalities Are No Substitute for Record-Specific Analysis for Harm**

As explained more fully below, the wrongful omission of a medical-care-defense jury instruction is generally considered harmful, however, in view of the totality of the record before us, we conclude that its omission was harmless in this case. The medical-care defense

is one of confession and avoidance. *See Cornet*, 359 S.W.3d at 224–25; *Villa*, No. PD-0792-12, ___ S.W.3d at ___, slip op. at 11. We have explained that a defendant claiming entitlement to this defense must admit to each element of the offense, including both the act and the requisite mental state. *See Villa*, No. PD-0792-12, ___ S.W.3d at ___, slip op. at 11. When the defensive evidence does no more than attempt to negate an element of the offense, a defendant is not entitled to a defensive instruction on any defense subject to the confession-and-avoidance doctrine. *Id*. (citing *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007)). An instruction on a confession-and-avoidance defense, therefore, is appropriate only when "the defendant's defensive evidence essentially admits to every element of the offense, including the culpable mental state, but interposes the justification to excuse the otherwise criminal conduct." *Id*. (quoting *Shaw*, 243 S.W.3d at 659).

The absence of this type of instruction is generally harmful because its omission leaves the jury without a vehicle by which to acquit a defendant who has admitted to all the elements of the offense. *See, e.g., Vasquez v. State*, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992) (omission of instruction on defense of necessity harmful); *Miller v. State*, 815 S.W.2d 582, 586 (Tex. Crim. App. 1991) (omission of instruction on mistake-of-fact defense harmful); *Hill v. State*, 765 S.W.2d 794, 797–98 (Tex. Crim. App. 1989) (omission of instruction on mistake-of-fact defense harmful); *Johnson v. State*, 271 S.W.3d 359, 368–69 (Tex. App.—Beaumont 2008, pet. ref'd) (omission of self-defense instruction harmful). Our survey of case law, in fact, has revealed no cases that have found the omission of a defensive

instruction under a confession and avoidance theory to be harmless. In general, when there is a single offense tried before a jury, it is impossible to determine how a jury would have weighed the credibility of the evidence on a defensive issue, and, therefore, appellate courts have reversed convictions in order to permit the jury to decide whether it believes the defensive evidence.

Although generalities may be instructive, they cannot substitute for the record-specific analysis for harm that must be conducted in each case. *See, e.g., Almanza*, 686 S.W.2d at 171. Here, the entire jury charge consisted of a single set of instructions that permitted the jury to consider whether appellant was guilty or not guilty of counts one and three, both of which were alleged to have occurred on or about the same day. By finding him guilty of two offenses litigated simultaneously in a single trial, the jury determined that appellant committed both (1) aggravated sexual assault of the complainant in count one by digital penetration of her sexual organ, *see* TEX. PENAL CODE § 22.021(a)(1)(B)(I), (a)(2)(B); and (2) aggravated sexual assault of the complainant in count three by contacting her anus with his mouth, *see id.* at § 22.021(a)(1)(B)(iv), (a)(2)(B). The error in the jury instructions before us in this appeal affects only count one, the digital-penetration count, and has no effect on count three, the oral-contact count. *See id.* at §§ 22.011(d), 22.021(d) (conditioning medical-care defense on alleged conduct's "not includ[ing] any contact between the anus or sexual organ of the child and the mouth, anus, or sexual organ of the actor or a third party"). In this case, although the complainant and appellant differ in their descriptions of the actions taken

by appellant when he touched her, the undisputed evidence at trial established that they each described a single event when this occurred. Under appellant's version, he touched the complainant for the sole purpose of examining her to see if she had been sexually assaulted by someone else. Under the complainant's version, appellant sexually touched her and had her sit on his face as he made oral contact with her anus. By its terms, the medical-care defense does not apply to any alleged conduct involving anus-to-mouth contact. *See id*. at § 22.011(d). It is inconceivable that the jury would have found appellant guilty of causing the anus of the complainant to contact his mouth, a claim entirely denied by appellant, had it believed his claim that he was providing medical care to the complainant during the same event. It is clear that the jury believed the complainant and disbelieved appellant's claims that he was only touching the complainant with his hand to provide medical care.

This situation contrasts with *Villa v. State*, a case in which we similarly considered the implications that reasonably could be drawn from a jury's verdicts on two different offenses tried simultaneously. *Villa*, No. PD-0792-12, ___ S.W.3d at ___, slip op. at 11. In *Villa*, a single jury simultaneously heard one count of aggravated sexual assault of a child and one count of indecency with a child, but convicted Villa of only the former charge. *See id.* at 15. In finding that the failure of Villa's counsel to request a medical-care-defense instruction constituted ineffective assistance of counsel, we explained that the jury's acquittal on the charge of indecency with a child, an offense that required the State to prove that Villa had the intent to arouse or gratify sexual desire, was a circumstance indicating that the jury

may have found the medical-care evidence persuasive because the jury had convicted Villa

of aggravated sexual assault that did not include that element. From the two verdicts in the

single trial, as in the present case, we could discern how the jury likely viewed Villa's

medical-care-defense evidence. We noted,

> The jury's not guilty verdict for the indecency with a child charge indicates that the jury found no intent by Appellant to arouse or gratify his sexual desires. This verdict is supported by the record as there was no evidence presented by the State relating to intent to arouse or gratify, and both [complainant] and Appellant stated that someone else was in the room when the touching took place. Thus, it appears that the jury's guilty verdict on the aggravated sexual assault charge was based solely on the very specific act of penetration of the sexual organ. The statements by [complainant] and Appellant related to this specific act are not inconsistent. . . . Given the fact that the jury specifically found no sexual intent to Appellant's actions, it is likely that the verdict on the aggravated sexual assault charge would have been different had the jury been provided with a vehicle to give effect to Appellant's medical-care defense.

*Id.* at 15–16. This Court thus reasoned that the jury's acquittal of Villa on the count that

required proof of intent to arouse or gratify sexual desire strongly suggested that Villa may

have been found guilty of aggravated sexual assault of a child despite the jury's belief that

he was providing medical care for the child.

This case also contrasts with another case in which the erroneous omission of the

medical-care-defense instruction was determined to be harmful. Appellant cites to *Watrous*

*v. State* to support his argument that the omission of the medical-care instruction was harmful

in his case. *See Watrous v. State*, 842 S.W.2d 792, 795 (Tex. App.—El Paso 1992). Like

appellant*,* the defendant in *Watrous* was tried in a single trial for two counts, one for touching

and one for penetrating the child's sexual organ with his finger. *Id*. at 795. *Watrous* is distinguishable, however, because the omitted medical-care defense would have applied to both counts, unlike the situation in this case. *See id*. at 793–94. The record in *Watrous*, unlike here and in *Villa*, was inadequate from which to discern how the jury would have assessed a medical-care defense had such an instruction been given. *Id*. at 795.

Our record-specific analysis of the totality of the instructions to the jury indicate that the error in the omission of the medical-care-defense charge was harmless in this case.

**B. The State of the Evidence**

Under the second category in *Almanza*, an appellate court must consider the state of the evidence, including the contested issues and weight of probative evidence. *Almanza*, 686 S.W.2d at 171. The State and appellant each described a single event when appellant touched the complainant, but their characterizations of that event differ with respect to appellant's intent. The State's case describes appellant's conduct as lascivious, as compared to appellant, who claims that he did not penetrate the sexual organ of the complainant, and, alternatively, that he was providing medical care to the complainant. As we have explained above, the record affirmatively shows that the jury believed the State's version and not appellant's.

In his second ground, appellant specifically challenges the court of appeals's analysis by claiming that it inappropriately conducted a review for sufficiency of the evidence rather than assessing the record for the harmful impact from the charge error. Appellant refers to

the portion of the court of appeals's opinion in which the court stated that the jury "had sufficient evidence before it to disbelieve Appellant's version of the events and his defensive testimony regarding his medical-care examination." *Cornet*, 2012 WL 5359233, at *3. We agree with appellant that a review for sufficiency of the evidence cannot substitute for a harm analysis. *See Sanchez*, 376 S.W.3d at 772 ("The court of appeals erred in applying the *Hicks* rule to charge-error complaints when it was a sufficiency-of-the-evidence rule"). Although it inappropriately used the words "sufficient evidence," it does not appear that the court of appeals was conducting a sufficiency-of-the-evidence review. Instead, the court examined the quality of the defensive evidence, a matter pertinent to the second category in *Almanza*. The court noted that appellant did not immediately inform the complainant's mother about his conduct or his need to immediately examine the complainant. The court concluded that "[n]othing in the record or in Appellant's argument shows the jury would have attached any more credence to Appellant's testimony that he was only performing 'medical care' than they did to his testimony of denying the act of penetration." *Cornet*, 2012 WL 5359233, at *3. Although the court of appeals erred by referring to sufficiency of the evidence, we conclude, based on our review of the evidence, that the court of appeals correctly determined that the jury's finding that appellant orally contacted the complainant's anus indicates that it disbelieved the medical-care evidence. Had the jury believed appellant's defensive evidence that he was medically examining the child, it would not logically follow that it would have convicted him in count three for causing the anus of the complainant to contact his mouth,

an event that occurred concurrently with the digital penetration.

## C. The Arguments of Counsel

Under the third category in *Almanza*, an appellate court must consider the arguments of counsel in deciding whether a defendant was harmed by an erroneous jury instruction. *Almanza*, 686 S.W.2d at 171. In his closing arguments, appellant's attorney focused on the State's purported failure to prove that appellant penetrated the complainant's sexual organ by his finger or that he made oral contact with her anus. Appellant's attorney challenged the credibility of the complainant and the outcry witness, and urged the jury to read appellant's written statement, which he argued was not a confession. Appellant's counsel did not mention the medical-care defense expressly or implicitly, and he appeared to disavow it by characterizing appellant's conduct as "definitely inappropriate behavior," and by arguing that "inappropriate is not the question." The prosecutor's closing argument, on the other hand, asked the jury to reject appellant's explanation that his physical contact with the complainant's genital area was for medical care.[2] Although the medical-care defense was

---

[2]    The record of the prosecutor's closing argument includes the following relevant portions:

He's telling you that he is examining the child and his fingers get wet, that must be why she mistook it for licking her butt, I—I'm not getting that. I'm sorry. You've got a child lying on a bed and she's on her stomach and you're like this (indicating) and you're touching her with your fingers, where do you get a mistake of licking on [sic] butt? . . . When you have a statement by this defendant who says, "I was just examining her to see if she was okay after masturbating." He's an educated person. He has a freaking Ph. D. Come on. And he doesn't think that you should go to an M.D. to have a child examined? He should examine a little girl outside the presence of her mother? Even if you accepted that that was okay, do it when the mom is gone?

(continued...)

not the focus of defense counsel's closing arguments, the State did suggest to the jury that it should consider appellant's statements that he was providing medical care to the complainant and to reject that evidence on its merits. Together, the State's argument and the jury's conviction of appellant for orally contacting the complainant's anus strongly indicate that the jury considered and rejected appellant's claim that his contact with the complainant was for her medical care.

### D. Other Relevant Information

Other relevant information in the record suggests that appellant's defensive theory at trial was focused on his argument that the State failed to prove that he penetrated the sexual organ of the complainant rather than on the medical-care defense. Neither defense counsel nor the prosecutor asked questions on voir dire about the medical-care defense. In his opening statement, appellant's trial counsel presented his defensive theory that the jury would "find that the State has not proved these specific allegations." He did not mention the medical-care defense and appeared to disavow the suggestion that this was appropriate medical care. Rather than suggesting that the jury consider appellant's conduct with the complainant as a proper examination for her medical benefit, trial counsel described appellant as making the "mistake" of examining the complainant "to see if he could see any injuries, or whatever." Because he did not question the jury about the defense during voir

---

(...continued)
How does that make any sense? How does it? When you take it in context and you take all the facts and circumstances surrounding everything that he admitted to doing and you take it with what [complainant] said, I think the answer is clear.

dire or invoke the defense in his opening statement, and because he made comments suggesting to the jury that appellant's conduct was a mistake and inappropriate, trial counsel's request for the medical-care defense appears to be an afterthought and does not appear to be the primary focus of his defensive theory at trial. This further suggests that the error in omitting the defensive instruction was harmless.

Our review of the totality of the record shows that the error in the omission of the medical-care-defense instruction was harmless. Had appellant been tried solely for the digital penetration count or only for offenses to which the medical-care-defense instruction applied, we likely would have no information from which to determine whether the jury would have found appellant's medical-care-defense evidence credible. *See Watrous*, 842 S.W.2d at 795. Or had appellant been acquitted of one offense that required proof of criminal intent to arouse sexual desire, but convicted of another offense that did not have that criminal intent, then we would have affirmative information from which to determine that the error in the omission of the medical-care-defense instruction was harmful. *See Villa,* No. PD-0792-12, ___ S.W.3d at ___, slip op. at 12-14. But here it is clear that the jury did not believe appellant's medical-care defense. By convicting appellant of orally contacting the complainant's anus, an offense to which the medical-care defense is inapplicable, the jury clearly determined that it did not believe appellant's testimony that he was examining the child for her medical care and that he did not penetrate her sexual organ or orally contact her anus. Because the totality of the record reveals the jury's implicit rejection of the medical-

care defense, we hold that the absence of that instruction was harmless. We overrule appellant's two grounds.

### III. Conclusion

We affirm the judgment of the court of appeals.

Delivered: November 6, 2013

Publish